STONE, J.
Gary Hakanson, former risk manager for the city of Hollywood, obtained a declaratory judgment against the city. The judgment established that Frank Yamout, president of the Hollywood civil service board, to which Hakanson filed an appeal after his employment was terminated, had received an undisclosed ex-parte communication which triggered a presumption of prejudice pursuant to section 286.0115, Florida Statutes. We reverse.
Section 286.0115, Florida Statutes, requires public officials to disclose ex-parte communications in order to assure an adverse party the opportunity to confront, respond, and rebut any such disclosures so as to prevent any appearance of impropriety.
The alleged ex-parte communication involved statements made during a public meeting of the city commission, attended by both Yamout and Hakanson, a few months after Hakanson’s termination as *107 risk manager. At that meeting, the assistant city manager, Ken Fields, discussing the city’s options for self-insurance plans and the cost increases of the present plan, remarked that the former risk manager, who had managed the plan, was asked to analyze and determine the reasons for the cost increases, but failed to do so.
Subsequently, at a preliminary civil service board hearing regarding Hakanson’s appeal, Hakanson’s attorney asked the board members if any of them were “biased towards the case as a result of any newspaper, radio and/or t.v. coverage.” Yamout answered in the negative.
We conclude that it was error to deny the city’s motion for directed verdict because the comments, made at a city commission meeting open to the general public, did not constitute an offending ex-parte communication simply because a civil service board member was in the audience. See generally Citizens of the State of Florida v. Wilson, 569 So.2d 1268 (Fla.1990). Therefore, section 286.0115 is not implicated.
We additionally note that even if the incident was deemed an ex-parte communication, section 286.0115 requires that disclosure of the offending communication must be made by the public official either before or during the meeting at which final action is taken. Here, final action was not taken at the board meeting.
Therefore, we reverse and remand for entry of judgment in favor of the city.
KLEIN and HAZOURI, JJ., concur.